# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| DANIEL DIXON, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. |
| BERRY GLOBAL, INC., | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Daniel Dixon ("Dixon" or "Plaintiff"), by counsel, brings this action against Defendant, Berry Global, Inc. ("Defendant"), for the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et. seq.* ("ADAA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

### II. PARTIES

2. Dixon is a resident of Vanderburgh County in the State of Indiana, who, at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a Foreign For-Profit Corporation that is located within and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C.§12117; and 42 U.S.C. 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5) and 42 U.S.C. §2000e(b).

6. Dixon was an "employee," as that term is defined by 42 U.S.C.§12111(4) and 42 U.S.C. §2000e(f).

7. Dixon has a "disability," as that term is defined by 42 U.S.C. § 12102(1)-(3).

8. Dixon is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Dixon's disability and/or regarded Dixon as being disabled and/or Dixon had a record of being disabled.

9. Dixon satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge No. 470-2023-04129) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his disability, race, and retaliation for engaging in a protected activity. Dixon received the required Notice of his Right to Sue on October 31, 2023, and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. On or around June 15, 2021, Dixon, an African-American individual, was hired by Defendant as an Inside Sales Representative.

12. At all relevant times, Dixon met or exceeded Defendant's legitimate performance expectations.

13. Dixon suffers from a disability, as that term is defined by the ADAA. Specifically, he suffers from agoraphobia with panic disorder, which limits him in one or more major life activities. Defendant was aware of Dixon's disability.

14. Dixon accepted the Inside Sales position to avoid unnecessary travel to unfamiliar locations because such travel triggers his disability.

15. Dixon was the only African-American individual in his department at the time of his termination. There was one other African-American individual in his department during his tenure who was placed on a Performance Improvement Plan ("PIP") and resigned.

16. In or around February 2023, Dixon's job description was inexplicably changed to include travel as an essential job function. Dixon requested a copy of his job description to review this change.

17. The required travel was not an essential function of the job, as any requirements for customer contact could be handled virtually.

18. Following the change to his job description and his subsequent request for a copy of the same, Dixon was placed on an unwarranted PIP. Defendant's stated reason for placing Dixon on a PIP was that he had not met his sales percentage goal and because he has an "attitude." The final meeting to evaluate the results of the PIP was set for May 5, 2023. Dixon met all of the goals contained in the PIP prior to the deadline.

19. On or around April 14, 2023, Dixon requested a reasonable accommodation and provided Defendant his treating physician's certification.

20. On May 1, 2023, Dixon was notified that he was terminated due to a purported reduction in force. However, there were at least four (4) White employees – with no known disabilities, holding the same position, and with less tenure than Dixon – who were not subjected

to the reduction in force. These individuals were: Colin Robinson, Austin Clausheide, Whitney McGrew, and Evan Devine.

21.     Dixon was specifically told that the reduction in force was not based on performance.

## V. CAUSES OF ACTION

### COUNT I: ADAA - DISCRIMINATION

22.     Dixon hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

23.     Defendant violated Dixon's rights, as protected by the ADAA, by discriminating against him because of his real or perceived disability. Defendant subjected Dixon to disparate treatment because of his disability in violation of the ADAA.

24.     Defendant's actions were intentional, willful, and in reckless disregard of Dixon's rights as protected by the ADAA.

25.     Dixon suffered and continues suffering damages as a result of Defendant's unlawful actions.

### COUNT II: ADAA - RETALIATION

26.     Dixon hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

25.     Dixon engaged in a protected activity under the ADAA when he requested an accommodation.

26.     Dixon's protected activity was known to Defendant.

27.     Defendant retaliated against Dixon by terminating his employment.

28. Defendant's actions were intentional, willful, and in reckless disregard of Ballheimer's rights as protected by the ADAA.

29. Dixon suffered and continues suffering damages as a result of Defendant's unlawful actions.

### COUNT III: TITLE VII- RACE DISCRIMINATION

30. Dixon hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint as if the same were set forth at length herein.

31. Dixon, an African-American individual, was discriminated against, subjected to disparate treatment, and terminated on the basis of his race

32. Defendant's actions were intentional, willful, and in reckless disregard of Dixon's rights as protected by Title VII.

33. Dixon suffered and continues suffering damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Daniel Dixon, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from discriminating and retaliating against any employee on the basis of ther disability and/or race;

2. Reinstate Dixon's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions and/or payment to Dixon of front pay in lieu thereof;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4.       Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5.       Award compensatory damages for violations of the ADA and Title VII;

6.       Award punitive damages for violations of ADA and Title VII;

7.       Award all costs and attorney's fees incurred as a result of bringing this action;

8.       Award pre- and post-judgment interest on all sums recoverable; and

9.       All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Kyle F. Biesecker*
Kyle F. Biesecker
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424.1000
Facsimile: (812) 424.1005
Email: kfb@bdlegal.com

*Counsel for Plaintiff, Daniel Dixon*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Daniel Dixon, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC
        By:  */s/ Kyle F. Biesecker*
        Kyle F. Biesecker
        411 Main Street
        Evansville, Indiana 47708
        Telephone: (812) 424.1000
        Facsimile: (812) 424.1005
        Email: kfb@bdlegal.com

        *Counsel for Plaintiff, Daniel Dixon*